**BOISE DODGE, INC., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22948.**

United States Court of Appeals
Ninth Circuit.

Jan. 27, 1969.

Robert W. Green (argued), of Clemons, Skiles & Green, Boise, Idaho, for appellant.

Clarence D. Suiter (argued), Asst. U. S. Atty., Sylvan A. Jeppesen, U. S. Atty., Boise, Idaho, for appellee.

Before HAMLEY, MERRILL and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Boise Dodge, Inc., a Boise, Idaho automobile dealer, appeals from its conviction, on the first two counts of a five-count indictment, of violations of 15 U.S.C. § 1233(c) (1964), a provision of the Automobile Information Disclosure Act (Act). The only question presented here is whether the evidence was sufficient to support the jury verdict.

Section 1233(c) makes it an offense, with exceptions not here relevant, for any person willfully to remove any label affixed to a new automobile pursuant to 15 U.S.C. § 1232 (1964), prior to the time that the automobile is delivered to the actual custody and possession of the ultimate purchaser. The label required by section 1232 must disclose specified information including the retail price suggested by the manufacturer.

■ Another provision of the Act defines "person" as including a corporation. See 15 U.S.C. § 1231(b) (1964). Defendant does not question the established rule that a corporation, through the conduct of its agents and employees, may be convicted of a crime, including a crime involving knowledge and willfulness. See United States v. Carter, 6 Cir., 311 F.2d 934, 941–942.

In counts 1 and 2, Boise Dodge was charged with having, on or about September 16 and November 9, 1966, respectively, willfully removed labels of this kind from a new 1966 Dodge Monaco and a new 1966 Dodge Dart.

The evidence is undisputed that there was no manufacturer's label on either of these automobiles when they were delivered to the ultimate purchasers. The Government produced circumstantial evidence tending to show that manufacturer's labels were attached to the windshields of the automobiles when they were delivered to Boise Dodge and that the company thereafter, acting through authorized employees, intentionally removed the labels. The defendant offered contrary circumstantial evidence on these two points.

■ Having in view the credibility factors, which were for the jury, we conclude that the evidence was sufficient to warrant the jury in finding, beyond a reasonable doubt, that Boise Dodge was guilty of the offenses in question.

Affirmed.