**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**ATLANTIC RICHFIELD COMPANY,**
**Defendant-Appellant.**

**No. 71-1572.**

United States Court of Appeals,
Seventh Circuit.

Argued April 26, 1972.

Decided July 12, 1972.

W. Donald McSweeney, William A. Montgomery, Robert T. Berendt, David W. Schoenberg, Chicago, Ill., for defendant-appellant; Schiff, Hardin, Waite, Dorschel & Britton, Chicago, Ill., of counsel.

Kent Frizzell, Asst. Atty. Gen., Edmund B. Clark, Carl Strass, Atty., Dept. of Justice, Washington, D. C., James R. Thompson, U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before PELL and STEVENS, Circuit Judges, and LARAMORE,* Senior Judge.

LARAMORE, Senior Judge.

This is a criminal appeal which involves purely questions of law. The facts are quite simple and are wholly uncontested. The case comes to this court from the U. S. District Court for the Northern District of Illinois where defendant-appellant, Atlantic Richfield Company, was found guilty of violating sections 407 and 411 of Title 33, United States Code, 1964. (Act of March 3, 1899, chapter 425, section 13; 30 Stat. 1152).

The above-noted section 407 prohibits the discharge of refuse into navigable waters. Thus, when defendant-appellant was observed by the U. S. Coast Guard on March 23, 1971 discharging oil from its Stickney, Illinois, dock facility into the Chicago Sanitary and Ship Canal, the U. S. Attorney filed a criminal information against defendant alleging violation of the first noted statute. Said information was filed on May 18, 1971 and thereafter, on June 17, 1971, defendant's attorney appeared before the District Court and pleaded *nolo contendere* to the charge. Up to this point there was no problem; however, upon sentencing and suspension thereof knotty questions leaped out of the woodwork.

Those questions, to be partially resolved hereafter, began when the District Court suspended the statutory sentence as provided by 33 U.S.C. § 411 (1964) (fine of not less than $500 nor more than $2500) and placed defendant on *probation* for a period of six months. Thus the first question: Is a corporation a proper subject of probation under the Federal Probation Act? [Act of March 4, 1925, chapter 521; 43 Stat. 1259; 18 U.S.C. § 3651 et seq. (1964)].

As the conditions of probation, the District Court demanded that defendant, (1) set up and complete a program within 45 days to handle oil spillage into the soil and/or stream; (2) in the event condition No. 1 is not complied with, the court will appoint a Special Probation Officer with powers of a Trustee under supervision of the court.

Following the imposition of the terms and conditions of probation the defendant filed a motion to vacate and correct the sentence wherein defendant alleged that the conditions of probation were not authorized by law or by statute and that these conditions were onerous. In so doing, defendant insisted that it should not be put on probation against its desires but instead should be sentenced pursuant to the terms of the act violated. Hence two more legal questions were raised: (1) Does a guilty defendant have the right to refuse probation and demand that sentence be imposed; and (2) does the imposition of the terms and conditions of the probation so imposed by the District Court exceed the authority or go beyond the power granted by the Probation Act? To resolve the three main issues involved we must begin by looking to the authority for probation in the federal judicial system.

---

* Senior Judge Don N. Laramore of the United States Court of Claims is sitting by designation.

# 60

## I

In Ex Parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916), the Supreme Court held, notwithstanding wide practice to the contrary, that a federal court was not authorized to suspend the imposition of sentence, and that for such a practice to continue, statutory authorization was necessary. Consequently, in 1925 Congress passed a new statute to provide for the establishment of a probation system in the United States Courts. The successor statute with which we are here concerned provides in part as follows:

> "Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.
>
> \*   \*   \*   \*   \*   \*
>
> "Probation may be granted whether the offense is punishable by fine or imprisonment or both. \*   \*   \*" 18 U.S.C. § 3651.

Defendant contends that the legislative history of this Act indicates through negative inference that it was not meant to include corporations. Defendant points out that nowhere can be found mention of rehabilitating a corporate offender while the record is replete with discussion of youthful and first-time offenders, in addition to references to "he" or "him" and "defendant." These references, allege defendant, indicate that Congress meant the Act to apply only to persons and not corporations.

As for decided cases on the subject, defendant cites only one reported decision directly in point and that is a state court decision of the Missouri Supreme Court decided in 1911, State ex rel. Howell County v. West Plains Telephone Co., 232 Mo. 579, 135 S.W. 20 (1911), which held that a corporation could *not* be placed on probation. Needless to say, this court does not consider that case binding on our decision nor do we even find it very helpful due to the fact that it was decided prior to the passage of the Act in question in addition to the age of the case.

The government, on the other hand, argues that the literal terms of the Probation Act do not exclude the proposition of placing a corporation on probation when the "defendant," as referred to by the statute, is a corporation. The government asserts that the language of the statute nowhere expressly includes or excludes corporations from its provisions. Therefore, it is argued, since it is settled law that corporations are subject to federal criminal statutes, despite the presence of language that does *not* fit a corporation (New York Central & H. R. R. v. United States, 212 U.S. 481, 29 S.Ct. 304, 53 L.Ed. 613 (1909)) then, *a fortiori*, the corporation is subject to the criminally-related Probation Act when the language *is* adaptable to a corporation. It is not logical, argues the government, to subject corporations to certain criminal statutes and yet exclude them from others for, after all, the Probation Act is but a portion of the United States' codified criminal laws under Title 18 of the United States Code.

The government also presents what could be called a policy argument by asking that this court not tie the hands of the District Judge to the sole penalty of imposing a fine. It is argued that in many instances the imposition of the monetary sanctions merely punish the corporate stockholders or customers of the corporation and do not punish the real guilty party. Therefore, asks the government, since the Probation Act has been held to be entitled to a broad and liberal construction, United States v. Baker, 429 F.2d 1344 (7th Cir. 1970), it is only fitting that the Act be construed applicable to corporations.

After considering carefully the arguments presented on both sides of

this question, we have decided that corporations are subject to the statutory provisions authorizing the court to suspend the imposition or execution of sentence. This conclusion is supported by the fact that other provisions of the Criminal Code make it clear that the term "defendant" may include corporate parties and by the fact that by its express language the Probation Act applies to offenses for which only a fine may be imposed. If suspension of the imposition of a fine to enable an individual to make restitution is appropriate in certain cases, a similar suspension may well be suitable for corporate defendants in appropriate cases as well. It is evident, however, that the conditions imposed by a court in connection with the suspension of sentence may not, at least if objected to by the defendant, exceed the maximum penalty authorized by Congress.

## II

At the outset it was indicated that there were three problems raised by this case. The first having heretofore been discussed it would be most logical to move on to the second. However, because we feel that resolution of the third question, which does not depend on resolution of the second, adequately disposes of the problem at bar, we find it unnecessary to decide whether or not the guilty party has the right to refuse probation and insist upon imposition of the statutorily proscribed sentence.

## III

Moving on then to the third and final question raised by this case, it is our considered opinion that the terms and conditions of the probation in this instance are unreasonable.

Here the District Court ordered that Atlantic Richfield "set up and complete a program within forty-five (45)[1] days to handle oil spillage into the soil and/or stream" and in the event the first condition is not complied with a Special Probation Officer would be appointed. By imposing such terms the District Court has clearly exceeded its authority.

In our opinion the broad requirement imposed upon the defendant as a condition of probation goes beyond what was intended by the drafters of the Probation Act. As was said earlier, the Probation Act was meant to be a means by which an offender could be rehabilitated and/or supervised in the hope that further illegal acts would not be committed and this general purpose can be applicable to corporations as well as individuals when it is used properly. But, when probation is used as a means of imposing unreasonable standards to the extent that the probationer may not know when they are satisfied, we must object to such unauthorized use. It is for that reason we reverse the District Court and remand the case for the imposition of a sentence within the limits specified in the applicable statute.

1. Following defendant's motion to correct the sentence, the court amended its terms and conditions as follows:
   "(1) That period of compliance with condition one (1) is extended from 45 days to 60 days with the added provision, that upon request of Probation Officer it may be further extended by the Court, and
   "(2) The second condition is made a condition upon a condition, in that if Probation Officer reports to the Court that in meeting of first condition, the defendant is not complying without undue delay, the Court will set the matter for hearing, and if on such hearing the Court finds that the defendant is not complying without undue delay, then the original condition will come into effect."
   However, notwithstanding such amendments we are of the same opinion.