**UNITED STATES of America, Appellant,**

v.

**REPUBLIC STEEL CORPORATION, Appellee.**

**No. 73–1768.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 13, 1973.

Decided Jan. 23, 1974.

Carl Strass, Dept. of Justice, for appellant; Wallace H. Johnson, Asst. Atty. Gen., Frederick M. Coleman, U. S. Atty., Joseph A. Cipollone, Asst. U. S. Atty., Cleveland, Ohio, Raymond N. Zagone, Atty. Dept. of Justice, Washington, D. C., on brief.

Dennis M. Kelly, Cleveland, Ohio, for appellee; Victor DeMarco, Jones, Day, Cockley & Reavis, Cleveland, Ohio, on brief; Edward P. Weber, Jr., Asst. Gen., Counsel, Republic Steel Corp., Cleveland, Ohio, of counsel.

Before CELEBREZZE, PECK, and LIVELY, Circuit Judges.

PER CURIAM.

On August 7, 1972 there was a spill and discharge of coal tar into the Mahoning River from a facility owned and operated by Republic Steel Corporation. This was a violation of a provision of the Rivers and Harbors Act of 1899, 33 U.S.C. § 407, which makes it unlawful to discharge any refuse matter of any kind into navigable waters of the United States. Thereafter the United States attorney filed a criminal information against Republic Steel Corporation charging it with violation of the above statute and 33 U.S.C. § 411 which provides the penalty for violation of § 407.

Republic made a motion to suppress evidence consisting of a notice which it had sent to the Coast Guard informing the government of the discharge into the Mahoning River and of all evidence gained from the exploitation of this no-

tice. This motion was made in reliance upon Section 11 of the Water Quality Improvement Act of 1970, 33 U.S.C. § 1161(b)(4), which provides as follows:

(4) Any person in charge of a vessel or of an onshore facility or an offshore facility shall, as soon as he has knowledge of any discharge of oil from such vessel or facility in violation of paragraph (2) of this subsection, immediately notify the appropriate agency of the United States Government of such discharge. Any such person who fails to notify immediately such agency of such discharge shall, upon conviction, be fined not more than $10,000, or imprisoned for not more than one year, or both. Notification received pursuant to this paragraph or information obtained by the exploitation of such notification shall not be used against any such person in any criminal case, except a prosecution for perjury or for giving a false statement.

The United States attorney filed a bill of particulars in which it was stated that the United States "received from defendant notice of the spill and subsequent discharge of coal tar into the Mahoning River." The bill of particulars also stated that this notice and information learned in investigation and exploitation of the notice was the sole basis for the criminal charge and that such notice and information was the evidence relied upon to prove the charge contained in the Information. Thereafter District Judge LeRoy J. Contie, Jr. granted the motion to suppress evidence and, upon the representation by the government that the notification and information learned in exploitation thereof was the sole basis for the charge and constituted the evidence relied upon in the prosecution, also granted Republic's motion to dismiss.

On appeal it is contended that the reference in § 1161(b)(4) to "Any person in charge of . . . an onshore facility . . . " refers only to natural persons and that a corporation which complies with the statute by giving immediate notice of a discharge is not entitled to rely upon the further provision of the same section which precludes the use of such notification or information flowing therefrom against any "such person" in any criminal case except one involving perjury or giving a false statement. The government contends that the purpose of the Act is to give supervisory personnel who might otherwise hesitate to report an oil spill an incentive to make the report by granting use immunity from prosecution based on such report. It is contended that the construction of the language "person in charge" adopted by the district court has the effect of indirectly repealing the provisions of the Rivers and Harbors Appropriation Act of 1899 whereas Congress specifically provided in 33 U.S.C. § 1174 that the 1970 Act should not be construed as affecting or impairing provisions of the 1899 Act.

While this is a case of first impression in this circuit, the identical issue was decided by the Fifth Circuit in United States v. Mobil Oil Corporation, 464 F.2d 1124 (5th Cir. 1972). The opinion in that case discloses that many of the same contentions were made by the government there as in the present case and the court refused to adopt the government's construction of the language of the Act. We feel that the opinion of Judge Bell in the Mobil Oil case and the order of Judge Contie in the present case correctly dispose of each contention made by the government. We note that the Water Quality Improvement Act of 1970 has been amended by Congress since the decision in United States v. Mobil Oil Corporation, *supra*, was rendered and the language of § 1161(b)(4) was not changed. This indicates an acceptance by Congress of the construction placed on this statute by the Fifth Circuit.

One purpose of the Water Quality Improvement Act of 1970 is to attempt to control water pollution by requiring immediate reporting of accidental discharges of oil into navigable waters and providing an incentive for the

person responsible for the discharge to make an immediate report. If the corporate owner of a facility where a spill and discharge occurs is denied protection from prosecution based solely on such reporting, at least part of the incentive to make the report is removed. Indeed, if this interpretation were followed, in cases where it might be difficult after passage of time to trace the source of a discharge, there would be incentive to a corporate owner of a facility to withhold reporting a spill. Of course, a corporation which reports a discharge pursuant to § 1161(b)(4) may still be prosecuted under 33 U.S.C. §§ 407 and 411. All that is required by our construction of the statute is that such prosecution be based on evidence other than notification or information obtained by exploitation of such notification. A prosecution based on any other evidence is unaffected by § 1161(b)(4).

The judgment of the district court is affirmed.