UNITED STATES of America,
Plaintiff,

v.

W. B. ENTERPRISES, INC.,
Defendant.

No. 73 Civ. 3838–LFM.

United States District Court,
S. D. New York.

June 24, 1974.

Paul J. Curran, U. S. Atty., S.D.N. Y., for plaintiff; Gilbert S. Fleischer, Atty. in Charge, Admiralty & Shipping Section, Dept. of Justice, and John C. Lane, New York City, of counsel.

Nathan Berman, Staten Island, N. Y., for defendant; Peter M. Frank, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Plaintiff and defendant cross-move for summary judgment, pursuant to Rule 56, Fed.R.Civ.P., in this action under § 311(b) of the Federal Water Pollution Control Act ["Act"], 33 U.S.C. § 1321(b). The parties have stipulated certain facts in a statement pursuant to Local Rule 9(g), and plaintiff has submitted supporting affidavits, as permitted by Rule 56. We agree with the parties that there is no genuine issue as to any material fact and that this action is ripe for summary judgment.

Plaintiff sues to recover a civil penalty of $500.00 assessed against the defendant by the Coast Guard District Commander on February 26, 1973 for an alleged violation of § 311(b)(3). The Commander's assessment was affirmed by the Commandant of the Coast Guard on April 11, 1973.

The alleged violation occurred in the early morning hours of December 13, 1972, when the RUSSELL 22, a barge owned and controlled by defendant, developed a leak in one of its starboard tanks while loading oil at a Consolidated Edison facility at 14th Street in Manhattan. The leak allowed 25–30 gallons of oil to escape into the East River. The parties stipulate that the "oil so entering the East River created a sheen upon or discoloration of the water's surface at the time of the discharge."

Defendant gave notice of the discharge to the Coast Guard and, together with employees of Consolidated Edison, contained the oil with a boom and subsequently completely removed it from the water.

It is further stipulated that the Coast Guard District Commander, in assessing the civil penalty, acted "pursuant to proper delegation and . . . Coast Guard regulations and directives interpreting [§ 311(b)]. . . ."

Defendant posits two arguments in support of its motion for summary judgment dismissing this action. First, it claims that it did not discharge oil in harmful quantities, in violation of § 311(b)(3) of the Act. Second, it contends that, even if it did violate the Act, the penalty assessed was not a civil penalty authorized by § 311(b)(6), 33 U.S.C. § 1321(b)(6), because the removal of the oil from the water prevented harm for which compensatory damages could be awarded.

Section 311(b)(6) of the Act provides, in part, that:

"Any owner or operator of any vessel . . . from which oil or a hazardous substance is discharged in violation of [§ 311(b)(3)] shall be assessed a civil penalty by the Secretary of the department in which the Coast Guard is operating of not more than $5,000 for each offense." 33 U.S.C. § 1321(b)(6).

Section 311(b)(3) of the Act provides, in relevant part, that:

"The discharge of oil . . . into or upon the navigable waters of the United States . . . in harmful quantities as determined by the President under paragraph (4) of this subsection, is prohibited. . . ." 33 U.S.C. § 1321(b)(3).

Section 311(b)(4) authorizes the President to issue regulations determining what quantities constitute a harmful discharge of oil. 33 U.S.C. § 1321(b)(4). The Secretary of the Interior, exercising power delegated by the President, issued regulations to this effect pursuant to the Water Pollution Control Act's predecessor statute, the Water Quality Improvement Act of 1970, 33 U.S.C. § 1161, which contained language substantially similar to the Federal Water Pollution Control Act. The

regulations provide that a discharge is harmful if it causes "a film or sheen upon or discoloration of the surface of the water. . . ." 40 C.F.R. § 110.3.

While defendant concedes that the discharge created a sheen upon or discoloration of the water's surface, it contends that since it removed all of the oil from the water there was no harm and, so, no violation of § 311(b)(3) of the Act. Thus, defendant argues, the civil penalty was improperly assessed under § 311(b)(6). Plaintiff counters with the contention that the operative fact was the discharge itself. Once the discharge occurred, plaintiff claims, environmental harm resulted and defendant was subject to civil liability which was not abated by subsequent removal of the oil from the river. We agree with plaintiff's position.

■ In its Commandant Instruction 5922.11A concerning the application of civil penalties under § 311(b)(6), the Coast Guard enunciates the guidelines to be considered when a civil penalty is to be assessed:

"Liability for a civil penalty under Section 311(b)(6) attaches at the time of discharge. . . . In no case may a responsible party avoid or reduce a civil penalty by removing the discharged oil."

Since the Coast Guard is charged with the execution of the statute, great weight must be given to the construction it gives to the statute. United States v. Cerecedo Hermanos Y Compania, 209 U. S. 337, 339, 28 S.Ct. 532, 52 L.Ed. 82 (1908). See also United States ex rel. Knauff v. McGrath, 181 F.2d 839 (2d Cir. 1950), vacated as moot, 340 U.S. 940, 71 S.Ct. 504, 95 L.Ed. 678 (1951). Moreover, a substantially similar Commandant Instruction (5922.11), issued under § 11(b)(5) of the Federal Water Pollution Control Act, 33 U.S.C. § 1161, was lauded in congress on the day that the Act, as amended, was re-enacted by an overwhelming majority of both houses. 118 Cong.Rec. H9124–26. This is strong evidence that congress sanctioned the Coast Guard's interpretation of the Act, since it approved the amended Act with full knowledge of this interpretation.

■ The language of § 311 of the Act further reinforces plaintiff's position. Section 311(b)(1) contains a statement of the policy underlying the section. It reads:

"The Congress hereby declares that it is the policy of the United States that there should be no discharges of oil or hazardous substances into or upon the navigable waters of the United States. . . ." 33 U.S.C. § 1321(b)(1).

Conspicuously absent from this provision is any reference to removal of discharged oil from the water. It appears, therefore, that this section is aimed at preventing any discharges, rather than preventing only those discharges not removed. Had congress intended otherwise, it would have so stated in this declaration of the section's underlying policy.

■ Defendant admits that its discharge created a sheen upon or discoloration of the water's surface. We find, therefore, that defendant violated § 311(b)(3) of the Act because a discharge having such an effect was determined by the Secretary of the Interior to be harmful to the environment. 40 C.F.R. § 110.3. Defendant's subsequent removal of the oil from the water did not relieve it from liability for a civil penalty under § 311(b)(6).

■ We turn, now, to defendant's argument that the penalty assessed for its violation of the Act was illegal since it was not a civil penalty, as authorized by § 311(b)(6). Defendant contends that a civil penalty may only consist of compensatory damages and that the removal of the oil from the water prevented the harm for which compensatory damages may be awarded. We disagree.

The Secretary of the Interior has determined that environmental damage results from a discharge of oil. The penalty assessed in this case was clearly a

civil, remedial penalty designed to compensate the government for this harm. It does not matter that the quantum of damage is incapable of precise measurement. See Rex Trailer Co. v. United States, 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149 (1956); United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943); Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938).

Accordingly, defendant's motion for summary judgment dismissing this action is denied. Plaintiff's motion for summary judgment is granted. Judgment shall be entered in favor of plaintiff, in the amount of $500.00, plus costs.

Submit judgment within ten (10) days.