**APEX OIL COMPANY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 75–1775.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1976.

Decided March 8, 1976.

Rehearing Denied March 29, 1976.

Israel Treiman, Shifrin, Treiman, Bamburg & Dempsey, St. Louis, Mo., for appellant; Kenneth J. Heinz, St. Louis, Mo., on briefs.

John J. Zimmerman, Dept. of Justice, Washington, D. C., for appellee; Peter R. Taft, Asst. Atty. Gen., Washington, D. C., Donald J. Stohr, U. S. Atty., Thomas E. Loraine, Asst. U. S. Atty., St. Louis, Mo., and Edmund B. Clark, Washington, D. C., on briefs.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

HEANEY, Circuit Judge.

Apex Oil Company, a Missouri corporation whose business includes the transportation and storage of various types of fuel oil, appeals from a final judgment of conviction on two counts of a three-count indictment[1] for failing to notify an appropriate agency of the United States government of a known oil spill in violation of the Water Pollution Control Act, 33 U.S.C. § 1321(b)(5). It was fined a total of $20,000 and placed on probation for three years. The execution of $15,000 of the fine was stayed on the condition that the corporation not violate any law relating to pollution during the probationary period. Two issues are raised on appeal: (1) whether the corporation is a "person in charge" within the meaning of 33 U.S.C. § 1321(b)(5), and (2) whether the evidence was sufficient to support the conviction. We affirm.

## I.

Section 1321(b)(5) of Title 33 of the United States Code, upon which the convictions are based, states in relevant part:

> Any person in charge of * * * an onshore facility * * * shall, as soon as he has knowledge of any discharge of oil * * * from such * * * facility in violation of paragraph (3) of this subsection, immediately notify the appropriate agency of the United States Government of such discharge. Any such person who fails to notify immediately such agency of such discharge shall, upon conviction, be fined not more than $10,000, or imprisoned for not more than one year, or both. Notification received pursuant to this paragraph or information obtained by the exploitation of such notifications shall not be used against any such person in any criminal case, except a prosecution for perjury or for giving a false statement.

The appellant argues that only an individual, or natural person, and not a corporation, can be a "person in charge" within the meaning of the statute and, hence, it cannot be prosecuted.

A "person," as defined by the Act, "includes an individual, firm, *corporation*, association, and a partnership[.]" 33 U.S.C. § 1321(a)(7) (Emphasis supplied.) Apex Oil, thus, raises a distinction between the meaning of "person" when used alone and its meaning when used in conjunction with the words "in charge." It is a distinction which the Act does not itself make. *United States v. Hougland Barge Line, Inc.*, 387 F.Supp. 1110, 1113 (W.D.Pa.1974). *See* 33 U.S.C. § 1321(a). It is, moreover, a distinction that cannot be supported by the purposes of the Act.

Section 1321(b)(5) prompts the timely reporting and discovery of oil discharges into or upon the navigable waters of the United States to facilitate the mitigation of pollution damage. It is designed to insure, so far as possible, that small discharges will not go undetected and that the possibility of effective abatement

---

1. Count one of the indictment was dismissed on the government's motion.

will not be lost.[2] *United States v. Mobil Oil Corporation*, 464 F.2d 1124, 1127 (5th Cir. 1972); *United States v. General American Transportation Corp.*, 367 F.Supp. 1284, 1288 (D.N.J.1973). The purpose is best served by holding the corporation responsible under the provision of the statute. We agree with the analysis of the Fifth Circuit:

> The owner-operator of a vessel .or a vacility [sic] has the capacity to make timely discovery of oil discharges. The owner-operator has power to direct the activities of persons who control the mechanisms causing the pollution. The owner-operator has the capacity to prevent and abate damage. Accordingly, the owner-operator of a facility governed by the WPCA, such as the Mobil facility here, must be regarded as a "person in charge" of the facility for the purposes of § 1161. A more restrictive interpretation would frustrate congressional purpose by exempting from the operation of the Act a large class of persons who are uniquely qualified to assume the burden imposed by it.

We conclude that an owner-operator is "in charge" of his facility within the meaning of § 1161. It necessarily follows that a corporate owner, a "person" within the statutory definition, is a "person in charge" of the facilities it owns and operates[.][3]

*United States v. Mobil Oil Corporation, supra* at 1127. *Accord, United States v. Republic Steel Corporation*, 491 F.2d 315 (6th Cir. 1974) (per curiam).[4]

The contention of Apex Oil, premised on *United States v. Skil Corporation*, 351 F.Supp. 295 (N.D.Ill.1972), that only an individual or natural person can be a "person in charge" under the statute, removes an important incentive for a corporation to train and supervise its employees on the reporting requirements of the Act. Indeed, such a construction of the statute would, in the case of a corporation bent upon evading the civil penalty of § 1321(b)(6),[5] provide an incentive not to report all small spills that are not likely to be detected or traced to their origin. It would pit the employee, on pain of fine or conviction under § 1321(b)(5), against his employer.[6] The appellant's contention is counterproductive to the purposes of the Act.[7]

---

2. The cleanup efforts by Apex Oil upon the discharge constituting Count three was about ten percent effective.

3. The decision of the Fifth Circuit proceeded under 33 U.S.C. § 1161(b)(4), the predecessor to 33 U.S.C. § 1321(b)(5). The language of each is identical.

4. We repeat the observation of the Sixth Circuit:

> We note that the Water Quality Improvement Act of 1970 has been amended by Congress since the decision in *United States v. Mobil Oil Corporation* * * * was rendered and the language of § 1161(b)(4) was not changed. This indicates an acceptance by Congress of the construction placed on this statute by the Fifth Circuit.

*United States v. Republic Steel Corporation*, 491 F.2d 315, 317 (6th Cir. 1974) (per curiam).

5. 33 U.S.C. § 1321(b)(6) states in part:

> Any owner or operator of any vessel, onshore facility, or offshore facility from which oil or a hazardous substance is discharged in violation of paragraph (3) of this subsection shall be assessed a civil penalty by the Secretary of the department in which the Coast Guard is operating of not more than $5,000 for each offense.

Apex Oil was assessed fines totaling $700 under this statute which it has paid.

6. Section 1321(b)(5) speaks in terms of any person in charge. We note that it would not be inconsistent with the statutory language to hold both the employee and the corporation to its penaliies for failure to report a spill.

7. The appellant argues that our holding will have an "emasculating effect" because the corporation that does report a spill will not only avoid the criminal penalty under § 1321(b)(5) but also the civil penalty under § 1321(b)(6). It reads the immunity provision of the former statute which applies "in any criminal case" as applicable to the civil penalty of the latter on the theory that the civil penalty is in fact criminal. This issue is now before the Fifth Circuit in *United States of America v. LeBeouf Bros. Towing Co., Inc.*, No. 74–3140. The lower court decision is reported at 377 F.Supp. 558 (E.D.La.1974). It is clear to us that Congress intended no such result, for it specifically stated that the penalty under § 1321(b)(6) was civil in nature. *See* n.5 *supra.*

Nor do we agree with the argument of Apex Oil that the inclusion of the corporation within the meaning of "person in charge" is inconsistent with the use in the civil penalty provision of § 1321(b)(6) of the words "owner or operator." The fallacy of the argument is exposed by the definition of "owner or operator." Section 1321(a)(6) states:

"[O]wner or operator" means (A) in the case of a vessel, any person owning, operating, or chartering by demise, such vessel, and (B) in the case of an onshore facility, and an offshore facility, any person owning or operating such onshore facility or offshore facility, and (C) in the case of any abandoned offshore facility, the person who owned or operated such facility immediately prior to such abandonment[.]

The phrase "owner or operator" thus designates persons of a particular proprietary class as does the phrase "person in charge." There is no inconsistency. The corporation, being a "person" within the statutory definition, is included within the meaning of both.[8]

The appellant also places reliance upon its reading of the legislative history and the regulations of the Coast Guard.[9] Both speak in terms of an individual as being a "person in charge."

But the legislative history is, at best, inconclusive and does not provide the support necessary to depart from the conclusion, based upon the statutory definition of "person" and the purposes of the Act, that a corporation is a "person in charge" under § 1321(b)(5). Moreover, it must be observed that corporate actions necessarily require the conduct of individuals. The corporation acts no less through its supervisor at the oil facility than it does through a director or officer. To the extent that guidance can be gleaned from the legislative history, it suggests that liability under the statute is to be limited to those responsible for the operation of the oil facility. The corporation is certainly within that class. *United States v. Mobil Oil Corporation, supra* at 1128; *United States v. General American Transportation Corp., supra* at 1288. *See* Conference Report No. 91–940, 1970 U.S.Code Cong. & Admin.News p. 2719. Finally, we note that the appellant argues solely from the language of the House Bill which used the phrase "individual in charge" and which was abandoned for the Senate's broader phrase "person in charge." *See United States v. Mobil Oil Corporation, supra* at 1128.

The regulations of the Coast Guard are equally unpersuasive. It is true that they define "person in charge" as being an individual. *See* 33 C.F.R. § 153.01(g). But it is also true that they do not address the issue before us. The purpose of the regulations is to proscribe the manner in which the reporting duties of the statute will be fulfilled in daily practice. *See* 33 C.F.R. § 153.100(b). This purpose necessarily requires that the regulations speak to the individuals who act for the corporation. *See Ritchie Grocer Co. v. Aetna Casualty & Sur. Co.,* 426 F.2d 499, 500 (8th Cir. 1970) (per curiam); *Parker v. United States,* 126 F.2d 370, 374 (1st Cir. 1942). It does not follow, however, that only individuals can be liable under the criminal provisions of § 1321(b)(5). When the administrative expertise is not addressed to the issue under consideration, there is no occasion to defer to its determination.[10] Moreover, were we convinced that the regulations spoke to the issue, we would find that they erroneously interpreted the meaning of the statute. *See Wilderness Society v. Morton,* 156 U.S.App.D.C. 121, 479 F.2d 842, 865 (en banc), *cert. denied,*

---

8. We do not suggest that the class of persons included within the meaning of "owner or operator" and "person in charge" are identical.

9. *See* 33 C.F.R. §§ 153.01 *et seq.*

10. The case cited by the appellant, *United States v. W. B. Enterprises, Inc.,* 378 F.Supp. 420 (S.D.N.Y.1974), is, for this reason, inapposite. In that case, the issue was the meaning of § 1321(b)(6) which provides for the assessment of civil penalties. The power to assess the civil penalty there prescribed is delegated to the Coast Guard. *See* 33 C.F.R. § 153.-03(b)(1).

411 U.S. 917, 93 S.Ct. 1550, 36 L.Ed.2d 309 (1973).

## II.

■ Apex Oil also argues that the proof was insufficient to support the convictions. The case was tried on stipulated facts, the pertinent portions of which we repeat.

Count two of the indictment arose out of an offloading operation at one of the appellant's facilities located at the foot of Mullanphy Street in St. Louis, Missouri. During that operation, on the morning of January 12, 1974, approximately ten gallons of aromatic No. 2 oil spilled into the Mississippi River. Robert J. Smith, an employee of Apex Oil, was in charge and is the only known witness to the spill. He notified neither the Coast Guard nor the Environmental Protection Agency. The spill was later traced by the Coast Guard, upon the report of a third party, to the Apex Oil facility. No officer or director of the corporation had knowledge of the spill prior to the determination by the Coast Guard of the spill's origin.

The facts surrounding Count three of the indictment are substantially similar. On January 14, 1972, two hundred ninety-four gallons of No. 6 oil spilled into the Mississippi River. The spill was discovered the same morning by a Coast Guard Port Safety Team. The employee in charge of the facility at the time of the spill, James Washington, did not notify the Coast Guard or the Environmental Protection Agency. No officer or director of Apex Oil had knowledge of the spill prior to its discovery by the Coast Guard.

From these facts, the appellant argues that the government failed to prove that it was "in charge" at the time of the spills and that it had knowledge of their occurrence.

Each argument is meritless. The corporation is no less "in charge" of the oil facility than is its employee. *See New York Central & H.R.R. Co. v. United*

*States,* 212 U.S. 481, 494, 29 S.Ct. 304, 306, 53 L.Ed. 613, 621 (1909); *United States v. Hilton Hotels Corporation,* 467 F.2d 1000, 1004 (9th Cir. 1972), *cert. denied,* 409 U.S. 1125, 93 S.Ct. 938, 35 L.Ed.2d 256 (1973). Further, the knowledge of the employees is the knowledge of the corporation.[11] *See United States v. A & P Trucking Co.,* 358 U.S. 121, 125, 79 S.Ct. 203, 206, 3 L.Ed.2d 165, 169 (1958); *Ritchie Grocer Co. v. Aetna Casualty & Sur. Co., supra* at 500.

The judgment of conviction on Counts two and three is affirmed.

---

11. We similarly reject the appellant's contention that the indictment was deficient for failing to allege knowledge. Each count of the indictment alleged that there was a knowing failure to report.