Joel Cohen with whom Thomas P. Puccio, Andrew R. Kaplan, Stroock & Stroock & Lavan, New York City, Bruce F. Smith and Jager, Smith & Stetler, Boston, Mass., were on brief for appellant.

Thomas J. Drinan, Asst. U.S. Atty., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief for appellee.

**UNITED STATES of America, Appellee,**

v.

**INTERSTATE CIGAR COMPANY, INC., Defendant, Appellant.**

No. 86-1274.

United States Court of Appeals, First Circuit.

Argued June 5, 1986.

Decided Sept. 24, 1986.

Before BREYER, Circuit Judge, BROWN,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

BREYER, Circuit Judge.

The Interstate Cigar Company and the former chairman of its board of directors, Michael Spielfogel, each pleaded guilty to one count of mail fraud. 18 U.S.C. § 1341. The district court ordered each defendant to pay the maximum statutory fine of $1000 and to serve a four-year probation term subject to special conditions. The conditions require each defendant to file two sets of documents every month with the United States Attorney's office: 1) fi-

---

* Of the Fifth Circuit, sitting by designation.

nancial statements regarding "all [Interstate's] operations," and 2) a sworn certificate that the defendant "has not made nor caused to be made payments in the nature of kickbacks" during the past month.

Each defendant appealed, challenging the court's legal power to order these special conditions. Michael Spielfogel asked to withdraw his appeal, however, once he recognized that a successful attack on the conditions of probation might well have led to a remand of his case for resentencing, which, in turn, could conceivably have led to a prison term. We granted his request. And, we now consider the claim of his codefendant, Interstate Cigar, that the district court lacked the power to order the corporation *both* to pay the maximum fine *and* to serve a probation term subject to the special conditions described above.

We agree with Interstate Cigar that the district court's sentence was unlawful, for the following reasons. First, the mail fraud statute says that a convicted person "shall be fined not more than $1000 or imprisoned not more than five years, or both." 18 U.S.C. § 1341. Since Interstate Cigar is a corporation, it cannot be imprisoned. Hence, if read literally, the statute suggests that the maximum penalty against a corporation that commits mail fraud cannot amount to more than a $1000 fine.

Second, the federal probation statutes now in effect do not give a court power to go beyond this literal reading of the mail fraud statute. Under 18 U.S.C. § 3651, a court has power to *"suspend the imposition or execution of sentence* and place the defendant upon probation...."* That is to say, current federal law allows the court to order probation as a *substitute* for some or all of the sentence that the court might otherwise require the defendant to serve. The probation statutes do not seem to permit a court to *add* probation to what would otherwise be the maximum penalty. Indeed, the court apparently may not go beyond the statutory maximum even when *revoking* probation on account of the defendant's noncompliance with a condition of probation. *See* 18 U.S.C. § 3653 (if court originally imposed sentence and suspended its execution, upon revoking probation court may require defendant "to serve the sentence imposed, or any lesser sentence"; if, however, court originally suspended imposition of sentence, upon revoking probation it "may impose any sentence which might originally have been imposed").

Third, we have surveyed the reported cases in which federal courts have put corporations on probation, but we have not found any precedent for ordering probation in addition to the maximum fine. In each instance—in contrast to the present case—the district court either suspended the imposition of sentence, or imposed some fine within the statutory limit and then suspended the execution of all or part of it. *See, e.g., United States v. Yellow Freight System, Inc.,* 762 F.2d 737, 739 (9th Cir. 1985); *United States v. John Scher Presents, Inc.,* 746 F.2d 959, 960 (3d Cir. 1984); *United States v. Missouri Valley Construction Co.,* 741 F.2d 1542, 1545 (8th Cir.1984); *United States v. Wright Contracting Co.,* 728 F.2d 648, 649–50 (4th Cir.1984); *United States v. William Anderson Co.,* 698 F.2d 911 (8th Cir.1982), *overruled, United States v. Missouri Valley Construction Co., supra; United States v. Prescon Corp.,* 695 F.2d 1236, 1238 (10th Cir.1982); *United States v. Mitsubishi International Corp.,* 677 F.2d 785, 786 (9th Cir.1982); *United States v. Clovis Retail Liquor Dealers Trade Association,* 540 F.2d 1389, 1390 (10th Cir.1976); *Apex Oil Co. v. United States,* 530 F.2d 1291, 1292 (8th Cir.), *cert. denied,* 429 U.S. 827, 97 S.Ct. 84, 50 L.Ed.2d 90 (1976); *United States v. Nu-Triumph, Inc.,* 500 F.2d 594, 595 (9th Cir.1974); *United States v. Atlantic Richfield Co.,* 465 F.2d 58, 59 (7th Cir. 1972); *United States v. Danilow Pastry Co.,* 563 F.Supp. 1159, 1163–66 (S.D.N.Y. 1983); *United States v. J.C. Ehrlich Co.,* 372 F.Supp. 768, 769–70 (D.Md.1974). Some of these cases approve particular probation conditions; others strike them down; but none contains any suggestion that a court may impose probation in addition to,

rather than in lieu of, the maximum statutory penalty. *See also United States v. John A. Beck Co.*, 770 F.2d 83, 85–86 (6th Cir.1985) (sentence could not be justified under authority of federal probation statutes where district court did not suspend any element of sentence).

Fourth, the scholarly authorities suggest, or at least assume, that current federal law allows a court to order probation only as a substitute for some, or all, of the statutorily authorized fine or imprisonment. *See, e.g.,* N. Cohen & J. Gobert, *The Law of Probation and Parole* § 1.01, at 4 n. 4 (1983) (court can place defendant on probation in two ways—either by imposing sentence and suspending its execution, or by suspending imposition of the sentence); Fisse, *Community Service as a Sanction Against Corporations,* 1981 Wis.L.Rev. 970, 973 (under current federal law, "probation is authorized *in lieu of sentence*"); Note, *Corporate Contributions to Charity as a Condition of Probation Under the Federal Probation Act,* 9 J.Corp.L. 241, 245 (1984) ("Basically, the Act allows a federal judge to suspend a sentence and place the convicted defendant on probation."). Congress evidently shares this conception of the probation statutes now in effect. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 88 (1984), *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3271.

Finally, Congress has recently amended the sentencing provisions of federal law, significantly restructuring the courts' sentencing powers. The new law's provisions on probation—which do not take effect until November 1, 1987—purport to reconceive probation as a form of sentence in itself, not as a sanction that takes the place of fine or imprisonment. *See id.* ("Proposed 18 U.S.C. § 3561, *unlike current law,* states that probation is a type of sentence rather than a suspension of the imposition or execution of a sentence.") (emphasis added). At this point, we do not think it desirable to endorse imaginative new ways of expanding sentencing power under the soon-to-be-amended statutes, given the legislative changes that will take effect next year.

For these reasons, we believe the district court erred in ordering Interstate Cigar both to pay the maximum fine and to serve a term of probation. And, since we cannot be sure what sentence the court would have ordered had it realized the extent of the legal problem, we remand for resentencing. *See, e.g., United States v. Atlantic Richfield Co.*, 465 F.2d 58, 61 (7th Cir. 1972).

Interstate Cigar points out that it would rather pay the $1000 fine than comply with the special conditions of probation. In light of this willingness, it says we should hold that the district court lacks power to reinstate the challenged special conditions—even if it orders them as a substitute for all or part of the maximum fine. Interstate points to authority suggesting that when a court orders probation as a substitute for fine or imprisonment, the conditions of probation must not be more onerous than the suspended penalty. *United States v. Mitsubishi International Corp.,* 677 F.2d 785, 788 (9th Cir.1982); *United States v. Atlantic Richfield Co.,* 465 F.2d at 61 ("It is evident ... that the conditions imposed by a court may not, at least if objected to by the defendant, exceed the maximum penalty authorized by Congress."); *see also Fiore v. United States,* 696 F.2d 205, 209 (2d Cir.1982); *Higdon v. United States,* 627 F.2d 893, 898 (9th Cir.1980). And, it cites authority suggesting that a defendant has the power to reject special conditions of probation and choose the maximum statutory penalty instead. *United States v. Mitsubishi International Corp., supra* (corporate defendant); *see also United States v. Alexander,* 743 F.2d 472, 479 (7th Cir.1984); *United States v. Smith,* 414 F.2d 630, 636 (5th Cir.1969), *rev'd on other grounds sub nom. Schacht v. United States,* 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970). *But see Cooper v. United States,* 91 F.2d 195, 199 (5th Cir.1937). *See generally* N.

**558**

Cohen & H. Gobert, *supra,* § 5.07; Annot., 28 A.L.R. 4th 736 (1984).

We believe a decision on this question would be premature. For one thing, we do not know whether—in light of this opinion and our reluctance to reach beyond existing authority in interpreting the current probation statutes—the district court will, in fact, suspend some or all of the fine and impose the same probation conditions challenged here. For another, should the court do so, we cannot be sure whether Interstate will decide to abide by the conditions or to violate them. Finally, should Interstate do the latter, we cannot predict whether the district court will then seek to enforce the probation conditions by any means other than simply requiring Interstate to pay the maximum statutory fine. We note that the government has suggested the possible use of contempt powers. But the line of authority it relies on in support of the court's power to do so involves bail offenses, not violations of probation conditions. *See Green v. United States,* 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958) (contempt for failing to surrender to prison authorities on indicated date), *overruled in part on other grounds, Bloom v. Illinois,* 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); *United States v. Cartwright,* 696 F.2d 344, 349 (5th Cir. 1983) (contempt for violating condition of release pending appeal). The bail statutes, unlike the probation statutes, expressly reserve the courts' power to hold offenders in contempt. 18 U.S.C. § 3148; *Green,* 356 U.S. at 173, 78 S.Ct. at 637; *United States v. Clark,* 412 F.2d 885, 890 (5th Cir.1969). In the absence of cited precedent for using the contempt power to punish noncompliance with conditions of *probation,* we suspect the legal question is a difficult one, and we shall not decide it in advance of any specific need to do so.

*The sentence and probation order of the district court are vacated, and the case is remanded for further proceedings consistent with this opinion.*