Philip R. LINTHICUM, Appellant,

v.

STATE of Indiana, Appellee.

No. 1182S437.

Supreme Court of Indiana.

July 9, 1984.

Susan K. Carpenter, Public Defender of Indiana, Sheila A. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ramson Radford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of a petition for post-conviction relief. Philip R. Linthicum, was convicted of robbery, a class B felony, Ind.Code § 35–42–5–1 pursuant to a plea of guilty. He was sentenced to a determinate term of ten years plus an additional ten years for aggravating circumstances.

Appellant raises one issue on appeal: whether the post-conviction court erred by finding and concluding that the appellant was properly advised at his guilty plea hearing regarding the effect of his prior record on the sentence he would receive as required by Ind.Code § 35–4.1–1–3(d).

The facts relevant to the issue show that appellant was charged with robbery and arraigned in open court on September 11, 1981 at which time he entered a plea of guilty as charged. At the arraignment, the trial court advised appellant of the maximum and minimum sentence he could receive, but the trial court did not advise the appellant that his prior convictions would have an impact upon the length of his sentence. On October 23, 1981 appellant was sentenced to a determinate term of ten years plus ten years for aggravating circumstances. Appellant filed a petition for post-conviction relief. On August 24, 1982 the trial court denied the appellant's petition for post-conviction relief.

A plea of guilty is an admission or confession of guilt made in court before a judge. It is also a waiver of specific constitutional rights. In order to uphold a guilty plea as knowing and voluntary the

record must provide a sufficient basis for the conclusion that the appellant was meaningfully informed of the rights and law detailed in Ind.Code § 35-4.1-1-3 (Burns 1979); *Turman v. State*, (1979) 271 Ind. 332, 392 N.E.2d 483, 487. See *Boykin v. Alabama*, (1969) 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 280.

Appellant claims that his plea of guilty was not knowingly, intelligently and voluntarily entered because the trial court did not properly advise him of the requirements set out in Ind.Code § 34-4.1-1-3(d) which prohibits the trial judge from accepting a guilty plea without first addressing the appellant and

"informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences...."

While strict compliance with the terms of the statute is required, *German v. State*, (1981) Ind., 428 N.E.2d 234 (Givan, C.J. and Pivarnik, J., dissenting), the exact language of the statute need not be used, *McCann v. State*, (1983) Ind., 446 N.E.2d 1293; *Laird v. State*, (1979) 270 Ind. 323, 385 N.E.2d 452. The record indicates that the trial judge advised the appellant that if he was on parole, probation or under any withheld or suspended sentence it could affect the length of the sentence. However, this will not alone satisfy the terms of the statute because, with respect to the impact of the prior convictions, it leads to two contrary implications. Appellant could reasonably conclude that satisfied penalties of prior convictions would not increase the length of his sentence, or he could reasonably conclude that only unsatisfied penalties of prior convictions would increase the length of his sentence. An advisement that promotes such an ambiguity cannot be said to have meaningfully informed the appellant of his rights. The record also does not disclose that the appellant was aware that his prior convictions could result in an increased sentence. There is no indication

that he was advised that prior convictions would increase his sentence. Failure to strictly comply with Ind.Code § 35-4.1-1-3(d) is a failure to meet an absolute prerequisite to the acceptance of the guilty plea. *Johnson v. State*, (1983) Ind., 453 N.E.2d 975. We find that the appellant's plea of guilty was not knowingly, intelligently and voluntarily entered; therefore this case is remanded to the trial court with instructions to permit the appellant to withdraw the plea.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

PIVARNIK, J., dissents without opinion.