**UNITED STATES of America, Appellant,**

v.

**JOHN SCHER PRESENTS, INC.; Monarch Entertainment Bureau, Inc.; John Scher and Cedrick Kushner.**

**John Scher Presents, Inc. and Monarch Entertainment Bureau, Inc., Appellees.**

**No. 84–5096.**

United States Court of Appeals, Third Circuit.

Argued July 17, 1984.
Decided Oct. 11, 1984.

J. Paul McGrath, Asst. Atty. Gen., Charles F. Rule (Argued), Deputy Asst. Atty. Gen., John J. Powers, III, Frederick Freilicher, Dept. of Justice, Washington, D.C., for appellant; Charles V. Reilly, John J. Greene, Robert Einstein, John H. Clark, New York City, of counsel.

Charles J. Walsh (Argued), David W. Lentz, Sills, Beck, Cummis, Zuckerman, Radin & Tischman, P.A., Newark, N.J., for appellees.

Before ADAMS, BECKER, Circuit Judges and O'NEILL, District Judge.[*]

## OPINION OF THE COURT

BECKER, Circuit Judge.

This is an appeal by the government in a criminal antitrust case in which the district court suspended imposition of sentence on two corporations and placed them on probation provided that they donate $100,000 to charities approved by the court's probation department. The case presents the question whether the Probation Act, 18 U.S.C. § 3651, authorizes a district court to require, as a special condition of probation, that a defendant pay money to charitable organizations in no way aggrieved by the defendant's offense. We hold that it does not. Accordingly, we vacate the sentence imposed by the district court on appellees John Scher Presents, Inc., and Monarch Entertainment Bureau, Inc., and remand for resentencing.

### I.

Appellees are wholly owned by John Scher, who was a codefendant in the dis-

---

[*] Honorable Thomas N. O'Neill, Jr., United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

trict court. Appellees, Scher, and fourth co-defendant, Cedric Kushner, are promoters of live musical performances. Scher and his companies promote concerts in northern New Jersey and upstate New York; Kushner promotes concerts in upstate New York.[1] On June 23, 1983, a federal grand jury in the District of New Jersey returned a one count felony indictment charging Scher, Kushner, and the corporations with violating the Sherman Act, 15 U.S.C. § 1, by conspiring, beginning in February 1980 and continuing at least until December 1981, to reduce or eliminate competition in the promotion of musical performances in the cities of Rochester, Syracuse, Albany, Utica, Binghamton, and Glens Falls, New York. Specifically, the defendants were charged with having allocated exclusive markets among themselves.

On August 25, 1983, Kushner moved the court for leave to change his plea from not guilty to *nolo contendere*, and on October 5, 1983, a similar motion was filed on behalf of the other three defendants. The district court granted these motions on November 7, 1983. The court then ordered a presentence investigation and asked for sentencing memoranda from the parties, including recommendations as to sentence. The government recommended that Monarch be fined $80,000 and John Scher Presents be fined $5,000. The corporate defendants suggested that the imposition of sentence be suspended and a three-year term of probation be imposed, on the special condition that the corporations contribute their "services and talents" to the extent that they "shall have raised and donated the sum of $100,000 to charities approved by the Probation Department." *Joint Appendix* at 68.

■ On February 3, 1984, over the government's objection, the district court suspended sentence and placed the corporate defendants on supervised probation for a period of three years and six months, on the special condition that together they contribute their "services and talents in concert promotion for charitable purposes to the extent and end that Monarch and John Scher Presents, Inc. shall have raised and donated the sum of $100,000.00 to charities approved by the Probation Department." The court directed that the term of probation would terminate earlier if and when the $100,000 was donated. The government filed a notice of appeal from this sentence or, in the alternative, a petition for a writ of mandamus.[2]

## II.

■ The power of federal courts to suspend sentences and place defendants on probation is not inherent; rather, it arises from statute. *United States v. Missouri Valley Construction Co.*, 741 F.2d 1542, at 1546 (8th Cir.1984) (en banc); *United States v. Cohen*, 617 F.2d 56, 58 (4th Cir.), *cert. denied*, 449 U.S. 845, 101 S.Ct. 130, 66 L.Ed.2d 55 (1980). The statutory source of this power is the Probation Act, 18 U.S.C. § 3651, which grants trial courts broad discretion to design probationary conditions appropriate for each particular case. The act provides, in part, that a trial court

when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on

---

1. As promoters, the defendants contract with performers, many of whom are on national or regional tour. They rent facilities for performances and provide advertising, security, catering, and any necessary production services and technical equipment. They recoup their expenses and earn profits from ticket sales.

2. We need not decide whether we have jurisdiction over the government's appeal under 28 U.S.C. § 1291 (as against appellees' contention that we lack jurisdiction to review these sen-

tencing orders since they "are not possessed of 'sufficient independence' from the criminal case to permit a government appeal under 28 U.S.C. § 1291" (citations omitted).

Because there is no doubt that we have the power to hear this case under our mandamus jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651. *See United States v. Ferri*, 686 F.2d 147, 152–54 (3d Cir.1982), *cert. denied sub nom., Matthews v. United States*, 459 U.S. 1211, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983).

probation for such period and upon such terms as the court deems best.

18 U.S.C. § 3651.

Notwithstanding this general grant of power, the statute goes on to outline several specific conditions that a district court may impose. Three of these relate to monetary payments:

> While on probation and among the conditions thereof, the defendant—

> May be required to pay a fine in one or several sums; and

> May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and

> May be required to provide for the support of any persons, for whose support he is legally responsible.

*Id.*

The question is thus presented whether the explicit monetary conditions listed in § 3651 are merely illustrative, or whether they restrict the district court's authority to impose monetary conditions of probation not described in the act.

The district court believed that the list contained in § 3651 is not exhaustive: in its view, a trial court must follow the strictures of the statutory language if it conditions probation on restitution or support, but the court is free to fashion other types of monetary payment conditions. Accordingly, the court stressed that it did not "regard the payments to be made to charity [by the defendant corporations] as restitution" but as "the end result of community services designed to serve a rehabilitative and deterrent corporate purpose." The court labelled these payments "symbolic restitution." *Joint Appendix* at 262–63.

Appellees argue that the district court acted well within the discretionary power granted it by the Probation Act. They also submit that the specific language of the statute is merely illustrative and that Congress in no way intended to restrict the ability of trial courts to impose carefully tailored sentences and conditions of probation. They further contend that the proba-

tionary conditions at issue are merely one version of the "community service" sentences that are becoming common in federal and state trial courts. In this case, they argue, money is being used only as the "yardstick" by which to measure the service. In their view, the sentence imposed by the district court is better suited to the task of rehabilitating the defendants than ordinary fines.

The government argues that, although the conditions listed in § 3651 are not generally exhaustive of those a trial court may impose on guilty defendants, they are exhaustive with respect to *monetary* penalties that may be assessed. Otherwise, the government contends, the restrictive language of the listed conditions (e.g., that restitution must be made to "aggrieved parties for actual damages") is rendered meaningless. In the government's view, what the district court imposed was not community service but the payment of a fine to a party other than the government, which serves no special correctional purpose.

### III.

■ Before resolving these issues, it is important to note what this case does not implicate: the legality of sentences that impose community service as a condition of probation. There is no doubt that the federal district courts have the power, subject to some constraints, to impose "community service" sentences pursuant to the general grant of discretion contained in the Probation Act. We set out a general charter for the proper exercise of this power in *United States v. Restor*, 679 F.2d 338 (3d Cir.1982):

> The district court's exercise of discretion in imposing community service as a condition of probation will be within the power granted to it by 18 U.S.C. § 3651 (1976) "so long as it is reasonably related to rehabilitation of the probationer, ... deterrence of future misconduct by the probationer or general deterrence of others, [or] deserved punishment."

*Id.* at 340, quoting *United States v. Tonry*, 605 F.2d 144, 148 (5th Cir.1979). Courts

and commentators agree that in many cases community service sentences better serve the goals of the criminal justice system than mere fines or imprisonment. *See, e.g., United States v. Arthur,* 602 F.2d 660, 664 (4th Cir.), *cert. denied,* 444 U.S. 992, 100 S.Ct. 524, 62 L.Ed.2d 422 (1979); 3 *A.B.A. Standards for Criminal Justice* § 18–2.4 (2d ed. 1980); Brown, *Community Service as a Condition of Probation,* Federal Probation 7 (Dec.1977), at 7; Harland, *Court-Ordered Community Service in Criminal Law: The Continuing Tyranny of Benevolence?,* 29 Buffalo L.Rev. 425 (1980). Such sentences require that the defendant become personally involved—devoting both time and energy—in a project that serves the public interest, and thereby inculcate in the defendant a sense of social responsibility.[3] The government does not advance a contrary view.

■ The condition of probation imposed by the district court in this case, however, does not involve community service. In abiding by the district court's conditions, the defendants, along with their managers and employees, would not have to alter their behavior in any way: they would simply continue their normal business operations and promote concerts for profit. The probationary condition ordered by the district court merely requires the corporation to pay money. The only difference between this condition and a fine is that here the payee on the corporate checks would be a charitable organization rather than the United States Treasury.

We need not look past the language of § 3651 to decide that this condition of probation goes beyond those permitted by the act. In that section, Congress specifically defined two categories of monetary conditions of probation in addition to fines. First, the defendant may be required to make restitution, but only to "aggrieved parties for actual damages or loss caused by the offense for which conviction was had." Second, the defendant may be required to "provide for the support of any persons, for whose benefit he is legally responsible." The courts have uniformly construed this language narrowly.

■ This court has held that a district court "lacks power to order restitution in an amount greater than that involved in the particular offense for which defendant was indicted and convicted." *United States v. Buechler,* 557 F.2d 1002, 1007 (3d Cir.1977). *See also United States v. DeLeo,* 644 F.2d 300, 301 (3d Cir.1981); *United States v. Gering,* 716 F.2d 615, 622–25 (9th Cir.1983); *United States v. Johnson,* 700 F.2d 699, 701 (11th Cir.1983); *United States v. Orr,* 691 F.2d 431, 432–34 (9th Cir.1982); *United States v. Follette,* 32 F.Supp. 953, 955–56 (E.D.Pa.1940) (Maris, Circuit Judge, sitting by designation). The amount of restitution or reparations ordered may be only for such amount of actual damage or loss as has been ascertained with certainty by a court or by stipulation of the parties. *See United States v. Gering, supra,* at 625; *United States v. Seest,* 631 F.2d 107, 110 (8th Cir.1980); *United States v. Hoffman,* 415 F.2d 14, 21–23 (7th Cir.), *cert. denied,* 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 423 (1969); *United States v. Taylor,* 305 F.2d 183, 187 (4th Cir.), *cert. denied,* 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126 (1962); *United States v. Stoehr,* 196 F.2d 276, 284 (3d Cir.), *cert. denied,* 344 U.S. 826–27, 73 S.Ct. 28, 97

---

**3.** As purely legal entities, corporations present a special case. Just as they cannot serve prison terms, neither can corporations serve in the office of a community organization. However, this fact does not lead inexorably to the conclusion that the only appropriate penalty for a corporate defendant is a fine. There may be cases in which the defendant as well as society at large would benefit if the corporation were sentenced to devote a portion of its energies and resources to the public interest. We need not decide this point; we make it to underscore that what is at issue in this case is not the nature of the probationer but of the probationary condition.

We also note that this case does not call into question the validity of corporate probation generally, or of the imposition as conditions of probation the requirement that corporate officers or employees perform work, conduct activities to educate the public, or receive instruction as part of the corporate defendant's probation. *See United States v. Missouri Valley Construction Co., supra,* at 1550.

L.Ed. 643 (1952). In addition, the fifth circuit has held that a defendant may not be ordered to pay for his court-appointed attorney because such a monetary condition of probation is not listed in § 3651. *United States v. Turner,* 628 F.2d 461, 466–67 (5th Cir.1980), *cert. denied,* 451 U.S. 988, 101 S.Ct. 2325, 68 L.Ed.2d 847 (1981).

■ The conditions of probation listed in § 3651 have not, therefore, been treated as merely illustrative, but have been applied to restrict the power of district courts whenever the probationary condition sought to be imposed was the payment of money. "The strictness with which the courts have consistently applied the monetary-payment provisions of section 3651 leaves little room for the inference that those provisions do not circumscribe the broad grant of discretion contained in the first sentence of section 3651." *United States v. Missouri Valley Construction Co., supra,* at 1548. Indeed, any other reading of the Probationary Act would render the restrictive language of the listed conditions meaningless.

Every other court of appeals that has considered this question has reached a similar result. *See United States v. Missouri Valley Construction Co., supra,* at 1544 (condition of probation that defendant contribute $1,475,000 to the University of Nebraska Foundation to endow a chair in ethics held to violate § 3651), *overruling United States v. William Anderson Co., Inc.,* 698 F.2d 911 (8th Cir.1982); *see also United States v. Wright Contracting Co.,* 728 F.2d 648, 652–53 (4th Cir.1984) (conditions of probation that one defendant contribute $175,000 to a city of Baltimore jobs program and another pay $10,000 to a charity named by the probation department held to violate § 3651); *United States v. Prescon Corp.,* 695 F.2d 1236, 1242–44 (10th Cir.1982) (conditions of probation that defendants contribute $50,000 and $75,000, respectively, to community agencies selected by the chief probation officer with the approval of the court held to violate § 3651).

■ The district court decided that the conditions listed in § 3651 restrict its dis-

cretion only if a monetary payment is described as support or restitution. Accordingly, the court labeled the probationary condition it imposed on appellees "symbolic restitution." The limitations imposed by the act, however, cannot be circumvented by creative labeling. Otherwise, any payment of money not fitting the restrictions set out in § 3651 could be given a name other than "fine," "restitution," "reparations," or "support," and the statutory requirements would, as a result, cease to have any force. We thus hold that the district court exceeded the scope of its discretion in requiring, as a condition of probation, that the corporate defendants pay money to charitable organizations in no way aggrieved by their offense.

### IV.

For the reasons set forth above, the entitlement of the government to a writ of mandamus is clear and indisputable. The writ will therefore issue and the judgment and order of the district court of February 7, 1984, will be vacated and the case remanded to the district court for resentencing, consistent with this opinion.