**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**JOHN A. BECK COMPANY, et al., Defendants,**

**Richards Electric Supply Co., Inc.,
Defendant-Appellee.**

No. 84–3767.

United States Court of Appeals,
Sixth Circuit.

Argued May 9, 1985.

Decided Aug. 15, 1985.

John A. Weedon, David F. Hils, Irving Rosner, Marilyn A. Bobula, Antitrust Div., U.S. Dept. of Justice, Cleveland, Ohio, Steve MacIsaac, argued, John J. Powers, III, Asst. Chief, Appellate Section/Antitrust Div., Dept. of Justice, Washington, D.C., for plaintiff-appellant.

John K. Rose, Frost & Jacobs, Cincinnati, Ohio, Myron L. Dale, argued, Cincinnati, Ohio, for defendant-appellee.

Before KEITH and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.

KEITH, Circuit Judge.

This is an appeal or, in the alternative, a petition for a writ of mandamus challenging the legality under the Probation Act, 18 U.S.C. § 3651, of a sentence imposed on defendant Richards Electric Supply Co., Inc. (Richards). On November 4, 1983, Richards was indicted for conspiring to fix prices of electrical supplies in the Dayton, Ohio area. On December 2, 1983, Richards pled guilty to a separate information charging a violation of Section I of the Sherman Act, 15 U.S.C. § 1 and the indictment was dismissed. The United States District Court for the Southern District of Ohio, Judge Walter H. Rice, presiding, accepted the plea and, on March 9, 1984, imposed a fine of $150,000. The United States filed a motion to vacate the sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure on March 14, 1984. The district court, 604 F.Supp. 126 (D.C.Ohio 1984), denied the motion in a written opinion entered August 15, 1984. The United States filed a timely notice of appeal on September 10, 1984. Execution of the sentence has been stayed pending this appeal. For the reasons stated below we reverse and remand the case with instructions that the fine imposed be paid only to the government.

## FACTS

Richards is an Ohio corporation engaged in the sale and distribution of electrical wire and conduit. Richards, along with four other corporations, are the major independent electrical distributors in the Dayton area. On November 4, 1983, Richards was indicted, along with the four other corporations and five individuals, for conspiring to fix prices on electrical supplies in the Dayton, Ohio area in violation of Section I of the Sherman Act, 15 U.S.C. § 1. The indictment charged that Richards, its president Ivan S. Mirach, the four other corporations and their chief executive officers, conspired from "at least as early as 1972 and continuing thereafter at least until January 1979" to "raise, fix and maintain prices of electrical wire and conduit sold in the Dayton area." Richards pled

guilty to a plea agreement that provided, in part, that the "United States and Richards Electric agree that a fine of $150,000 payable to the Treasurer of the United States is the appropriate sentence ... and will recommend that sentence to the court." On March 4, 1984, the district court passed sentence on Richards. The sentencing order imposed a fine of $150,000, to be paid over a period of eighteen months, and stated that "[t]here is no suspension of the execution of the fine." The second paragraph of the order, however, provided that:

> [t]he defendant can reduce the amount of the fine by hiring and keeping on the payroll probationers and/or parolees from the Hamilton County area in a training program leading to permanent, meaningful employment. The amount of the fine is to be reduced by the amount paid to those individuals.

Finally, the order provided that the parties should meet to establish a fine payment schedule and to determine "[w]hether the defendant will accept the option suggested by the court as a means of reducing the fine, and if so the specific manner and means by which this will be accomplished." Because it will not be possible to determine what fine, if any, Richards will be obligated to pay until the eighteen month period provided for in the court's order expires, Richards has made no payments on the fine. Richards has, however, hired six probationers or parolees since the sentencing ordered was entered in this case.

The government moved to vacate the sentence on March 14, 1984. The government argued that the Sherman Act and the Probation Act were the only statutory authorities governing sentencing in this case and that neither statute authorized the court to afford Richards the option to pay employees in place of a fine. In response, Richards argued, first, that the Probation Act, 18 U.S.C. § 3651, was inapplicable because it had not been placed on probation, and, second, that even if the Act were applicable, the court was not limited to the specific monetary conditions of probation set forth in section 3651.

On August 15, 1984, the district court decided the Probation Act was inapplicable and denied the government's motion. The government then filed its timely notice of appeal.

## I.

Initially, we must decide which of the two statutes that authorizes the court to impose a sentence in this case, the Probation Act and the Sherman Act, is the basis for the sentencing authority exercised here. The answer turns on whether the fine imposed is a suspended sentence. The district court imposed a fine as a sentence and, without placing the defendant on probation, provided that the amount of the fine would be reduced by the amount of any wages the defendant paid to parolees or probationers over an eighteen month period. Neither the Sherman Act (15 U.S.C. § I) on which the district court relied, nor the Probation Act (18 U.S.C. § 3651) expressly authorizes the sentence imposed in this case.

In concluding that the Probation Act was inapplicable to this case, the district court relied on the fact that it had not placed Richards on probation. In the district court's view, because the Sherman Act authorized it to impose a fine, reliance on the Probation Act was unnecessary. The district court's conclusion ignores the limited authority granted to it by Congress in the Sherman Act.

Although the Sherman Act empowered the district court to fine Richards, nothing in the statute authorized the court to give the defendant the option of paying all or a portion of the amount of the fine to probationers and parolees rather than to the Treasury. The Sherman Act expressly authorizes a district court to sentence a corporation found guilty of a Sherman Act violation to pay a fine not exceeding one million dollars; it does not authorize a court to condition suspension of all or a portion of the fine upon the future conduct of the defendant. Instead, the only authority for suspension of sentence in the federal system is in connection with probation,

and the terms and conditions of suspension of sentence must comply with the Probation Act. Therefore in determining the applicability of the Probation Act we must first ascertain whether or not this is a suspended sentence.

A sentence is suspended when the convicted person is not required to serve the sentence at the time it is imposed. The option of allowing Richards to hire parolees and have their wages reduce the amount of the fine actually allows appellant to determine the amount of the fine which is not payable for 18 months. Indeed Richards has not paid any amount toward the fine because the exact amount of the fine is indeterminable. Nevertheless, at the same time the sentence was imposed, Richards was still required to serve it after working out an eighteen month payment schedule with the court. Because the obligation to serve the sentence attaches instantly, the sentence is not suspended, and the Probation Act is not applicable.

The inapplicability of the Probation Act is also supported by case law and by the statute itself. The Probation Act allows only specific types of payments other than fines. Specifically, the Act allows that:

> While on probation and among the conditions thereof, the defendant—
>
> > May be required to pay a fine in one or several sums; and
> >
> > May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and
> >
> > May be required to provide for the support of any persons, for whose support he is legally responsible.
>
>     *     *     *     *     *     *
>
> The defendant's liability for any fine or other punishment as to which probation is granted, shall be fully discharged by the fulfillment of the terms and conditions of probation.

Section I of the Probation Act, 18 U.S.C. § 3651. *See United States v. John Scher Presents, Inc.,* 746 F.2d 959 (3rd Cir.1984) (citing the above sections as specifically enumerating the clear types of payments that the court can impose when the probationary condition sought to be imposed is the payment of money). *See also Scher; United States v. Wright Contracting Co.,* 728 F.2d 648 (4th Cir.1984); *United States v. Prescon Corp.,* 695 F.2d 1236 (10th Cir. 1982); *United States v. Missouri Valley,* 741 F.2d 1542 (8th Cir.1984) (all rejecting monetary payments that did not fit specifically within the above conditions).

## II.

Since the Probation Act is inapplicable, we now address the legality of the sentence under the Sherman Act. The Sherman Act only allows the imposition of a fine. By definition, a "fine" is a monetary penalty that is provided for in a statute, *United States v. Jimenez,* 600 F.2d 1172, 1174 (5th Cir.), *cert. denied,* 444 U.S. 903, 100 S.Ct. 216, 62 L.Ed.2d 140 (1979), and is payable to the government and not to third parties. This being the case, the sentence imposed is also inadequate under the Anti-Trust Act. To the extent that the sentence is executed by payments to parolees rather than to the government, it is not a fine.

Accordingly, we reverse and remand the case to the district court with instructions to maintain the fine at $150,000 and to prevent it from being executed by paying salaries to parolees or probationers.