**Glen A. PHARRIS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1084S402.**

Supreme Court of Indiana.

Nov. 21, 1985.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Glen A. Pharris entered a guilty plea in the Vigo Superior Court to one count of Burglary, a class C felony; two counts of Robbery, one a class A and the other a class B felony; and one count of attempted escape, a class D felony. Appellant was sentenced to two years imprisonment for the attempted escape to run consecutively to an eight year term for the burglary offense. Appellant was also sentenced to two twenty year terms of imprisonment for the robbery offenses, to run concurrently with each other and the other two sentences. He filed a Motion for Post-Conviction Relief which was denied.

Appellant's direct appeal of this denial raises the following issues:

1. failure to follow statutory procedure in accepting Appellant's guilty plea; and

2. failing to hold a hearing or making specific findings of fact and conclusions

of law prior to denying Appellant's petition.

We note first that in a proceeding for post-conviction relief the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.R.P.C.R. 1, § 5. In reviewing a denial of post-conviction relief we will not set aside the trial court's ruling unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *McHugh v. State* (1984), Ind., 471 N.E.2d 293, 294–295.

## I

■ The controlling statute at the time the plea was entered by Appellant stated in part:

> "The court shall not accept a plea of guilty from the defendant without first addressing the defendant and ... (b) informing him ... that upon entry of such plea the court shall proceed with judgment and sentence...."

Ind.Code § 35–4.1–1–3 (Burns 1979) [repealed by Acts 1981, P.L. 298, § 9, effective September 1, 1982; amended and recodified as Ind.Code § 35–35–1–2 (Burns Supp.1985)]. Appellant cites a number of cases for the proposition that the above-quoted statute must be strictly complied with, else the conviction faces reversal. *Linthicum v. State* (1984), Ind., 465 N.E.2d 701; *Davis v. State* (1983), Ind., 446 N.E.2d 1317; *Early v. State* (1982), Ind., 442 N.E.2d 1071; *German v. State* (1981), Ind., 428 N.E.2d 234, *reh. denied* (1982).

Appellant admits that he was advised of all of his rights he was waiving by entering his guilty pleas. The only complaint he makes is that the trial court did not use the statutory language of telling him that upon entry of such plea the court would proceed with judgment sentence. A defendant who enters a guilty plea will of course know that a judgment will subsequently be entered and sentencing will be pronounced. The significance of the advised waivers that he admits were given by the court, was to advise him that was all the trial he would receive. He does not deny that he

was fully advised in that regard. Although a trial court is obligated to inform a defendant that the result of his plea will be to proceed with judgment and sentencing, precise statutory language need not be used. Appellant's first guilty plea hearing here took place on the date of the scheduled trial, so it was obvious that Appellant was aware the trial would be cancelled. Appellant was advised at both hearings, which took place within sixty days of each other, that he was waiving his right to trial that previously had been scheduled. He was informed also on both occasions of minimum and maximum sentences and the possibility of enhancement of his sentence due to prior convictions. The court therefore fulfilled its obligations and committed no error prejudicial to the defendant. *Baker v. State* (1984), 462 N.E.2d 1032, 1032–1033; *Freeland v. State* (1985), Ind.App., 472 N.E.2d 1294, 1298. In *Baker* the trial court did inform the defendant that his scheduled trial would be cancelled if a guilty plea was entered and did discuss possible sentences as well as the ramifications of prior convictions. We held in light of these facts there was no error in the trial court's failure to employ the precise statutory terms concerning the entry of judgment and sentencing. Appellant's reliance on *Sexton v. State* (1983), Ind., 455 N.E.2d 910 is, misplaced. Although the same section of the statute was involved in *Sexton*, the defendant was not advised by the trial court that his guilty plea was an admission of the truthfulness of the charges against him, and did not refer to the problem presented in the case before us. Appellant presents no reversible error on this issue.

## II

■ Appellant next contends the post-conviction court erred in not holding an evidentiary hearing and not making specific Findings of Fact and Conclusions of Law prior to denying his petition. Appellant recognizes our standard for allowing for summary disposal of petitions where there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law. Ind.R.P.C.R. 1, § 4(f). However, he contends such an issue exists as to whether he was advised when he entered his plea that the court would proceed with judgment and sentencing.

A hearing on a petition for post-conviction relief is required only where an issue of material fact is presented. Where the allegations of the petition conclusively demonstrate the petitioner is entitled to no relief, a hearing on the matter is unnecessary. *Colvin v. State* (1984), Ind., 441 N.E.2d 1353, 1353. In the present case it is clear from the transcript of the guilty pleas that there is no genuine issue of material fact, and, as a matter of law the State is entitled to judgment. The transcript shows that although the trial court did not use the precise statutory language, Appellant was sufficiently informed of all the necessary information. Appellant also alleges error in that the post-conviction court erroneously failed to issue Findings of Fact and Conclusions of Law. Appellant is correct that no findings or conclusions were filed, but even where such is the case, if the claims presented by the defendant are not claims which would entitle him to relief, the inadequacies of the court are harmless. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126, 1128; *Davis v. State* (1975), 263 Ind. 327, 331, 330 N.E.2d 738, 741. The only claim presented by Appellant, the court's failure to advise him it would proceed with judgment and sentencing, was clearly without merit upon reading the transcript. Since there was no genuine issue of material fact, no hearing was necessary. In such a case the failure of the court to issue Findings of Fact and Conclusions of Law is harmless error. Since the only issue raised by Appellant is clearly without merit, there is nothing to be gained by remanding this case to the trial court.

The trial court is in all respects affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and SHEPARD, JJ., concur.