Howard E. THOMAS, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 485S130.

Supreme Court of Indiana.

Feb. 28, 1986.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

PIVARNIK, Justice.

Defendant-Petitioner was charged by way of Information with two separate robberies, one a Class A felony and one a Class B felony. On July 14, 1981, Petitioner entered into a plea agreement in which he agreed to plead guilty in exchange for a reduction in charge to two Class B felonies, and a recommendation by the prosecutor that the sentences run concurrently. After separate guilty plea hearings, the trial court accepted the prosecutor's recommendation and sentenced Petitioner to serve fourteen (14) years for each felony, said sentences to run concurrently. Subsequently, Petitioner filed a Motion for Post-Conviction Relief which was denied. Petitioner now directly appeals this denial and raises the sole issue that the post-conviction relief court failed to follow statutory procedure in accepting Petitioner's guilty plea by not advising Petitioner of the possibility of consecutive sentences, the possible effect of prior convictions and that the trial court was not bound by the plea agreement.

In a proceeding for post-conviction relief the petitioner has the burden of establishing grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1 § 5. In reviewing a denial of post-conviction relief, we will not set aside the trial court's ruling unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Pharris v. State* (1985), Ind., 485 N.E.2d 79. The controlling statute at the time the plea was entered into by Petitioner was Ind.Code § 35–4.1–1–3 (Burns 1979) [repealed by Acts 1981, P.L. 298 § 9(a), effective September 1, 1982, amended and recodified as Ind.Code § 35–35–1–2 (Burns Supp.1985)], which set out the advisements a trial court shall give a defendant before accepting a guilty plea. Petitioner contends he was not advised that the court could impose consecutive sentences, that his prior convictions could affect the sentencing, and that the trial court was not bound by the plea agreement. Accordingly, Petitioner argues he did not knowingly and voluntarily enter a plea of guilty to the two robbery charges.

Petitioner entered both pleas and was sentenced prior to our decision in *German v. State* (1981), Ind., 428 N.E.2d 234, requiring a trial court to explicitly advise the defendant of all the advisements contained in Ind.Code § 35–4.1–1–3. In *Crocker v. State* (1985), Ind., 475 N.E.2d 686, we held

that the pre-*German* standard was to be used in evaluating guilty pleas accepted prior to the issuance of that opinion. Prior to *German,* this Court looked to the entire record to determine whether the defendant knowingly, intelligently and voluntarily entered a guilty plea. In reviewing the record of proceedings here and the plea agreement, we find the trial court explicitly advised Petitioner that his prior convictions could affect his sentence during the guilty plea hearing on the second robbery charge. However, Petitioner's acknowledgment that he was fully aware that pleading guilty pursuant to the plea agreement covering both robbery charges involved the risk that the court might enhance his sentence due to prior convictions, leads us to the conclusion that Petitioner knew of this risk when accepting the plea agreement and when entering a plea of guilty in the first guilty plea hearing. The plea bargain agreement contained a statement, which Petitioner acknowledged, that the trial court was not bound by the agreement. Further, the trial court in the first guilty plea hearing explicitly advised Petitioner the trial court was not bound by the plea agreement in the event Petitioner pleaded guilty and Petitioner acknowledged that such was his understanding. Finally, the trial court questioned Petitioner regarding his understanding of the possible minimum and maximum sentences for each crime to which Petitioner was pleading guilty. The court also questioned Petitioner as to whether he understood the plea agreement which proposed fourteen (14) year terms for each robbery, said terms to run concurrently. Petitioner's demonstration of his comprehension of the proposed sentence and the sentences he could receive if the charges were tried lead us to one conclusion: Petitioner understood and even perceived it to be advantageous to enter a plea agreement recommending concurrent as opposed to consecutive terms. It is clear from the record and the plea agreement that Petitioner was adequately advised such that his pleas of guilty were given knowingly, intelligently and voluntarily. Accordingly, the post-conviction court did not err by denying Petitioner post-conviction relief.

The post-conviction court is in all things affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.