Ronald Lee CARTER,
Petitioner–Appellant,

v.

STATE of Indiana,
Respondent–Appellee.

No. 41A019005PC178.

Court of Appeals of Indiana,
First District.

Oct. 10, 1990.

Transfer Denied Dec. 5, 1990.

Susan K. Carpenter, Public Defender, Patrick R. Ragains, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for respondent-appellee.

BAKER, Judge.

Petitioner-appellant Ronald Lee Carter (Carter) appeals the denial of his petition for post-conviction relief. We affirm.

## ISSUES

Carter presents the following issues for our review:

I. Whether the post-conviction court erred in failing to establish Carter's knowing and voluntary waiver of post-conviction counsel.

II. Whether Carter's sentence is disproportionate and manifestly unreasonable.

III. Whether the post-conviction court erred in failing to enter specific findings and conclusions on the issues raised in the petition.

## FACTS

In 1986, Carter pled guilty pursuant to a written plea agreement to three counts of defrauding a financial institution and one count of conspiracy to defraud a financial institution, with the court having discretion to set the sentence. The court subsequently sentenced Carter to enhanced and consecutive sentences on each count resulting in an aggregate sentence of twenty-four years.

In 1987, Carter filed a pro se petition for post-conviction relief and a motion for sentence modification. Both were denied by the court, and Carter appeals.

## DISCUSSION AND DECISION

In a proceeding for post-conviction relief, the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5. "To prevail on appeal from a denial of his petition, the appellant must satisfy us that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Sims v. State* (1989), Ind.App., 547 N.E.2d 895, 896, *trans. denied.* Carter has failed to meet his burden.

## I.

■ Carter first contends he did not knowingly, voluntarily, and intelligently waive his right to counsel for the post-conviction proceeding. The court erred, he argues, by failing to determine prior to his hearing on post-conviction relief whether Carter understood his right to be represented by counsel and by failing to inform him of the inherent dangers of self-representation. *See Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. We do not agree with Carter that *Faretta* is applicable in the post-conviction relief setting.

In *Faretta,* the United States Supreme Court established the right of a criminal defendant to proceed pro se after the court determines that the defendant knowingly and voluntarily waived his right to counsel. The case was based upon the sixth amendment right to assistance of counsel prior to being convicted and punished by imprisonment. In Indiana, it is also a requirement that a defendant be found to have knowingly, intelligently, and voluntarily waived his right to assistance of counsel prior to proceeding pro se in a criminal trial. *See Dowell v. State* (1990), Ind.App., 557 N.E.2d 1063.

Post-conviction relief is not generally regarded as a criminal proceeding, however. *Baum v. State* (1989), Ind., 533 N.E.2d 1200. Our supreme court has stated: "The right to counsel in post-conviction proceedings is guaranteed by neither the Sixth Amendment of the United States Constitution nor art. 1, § 13 of the Constitution of Indiana." *Id.* at 1201 (holding the constitutional standards for judging the performance of counsel need not be employed at the post-conviction relief level). *See also Medlock v. State* (1989), Ind.App., 547 N.E.2d 884 (noting the desirability of appointing standby counsel to a defendant proceeding pro se does not apply on post-

conviction relief). Because the sixth amendment right to counsel does not apply to post-conviction relief, it is unnecessary to apply the constitutional standards for waiving that right in the post-conviction relief setting.[1]

■ That is not to say a post-conviction relief petitioner has no right to an attorney. Our rules expressly provide that upon receiving a copy of the post-conviction relief petition and an affidavit of indigency from the clerk of the court, "the Public Defender *shall* serve as counsel for petitioner, representing him in all proceedings under this Rule...." Ind. Post–Conviction Rule 1, § 9(a) (emphasis added). This rule also specifically gives the petitioner the right to proceed pro se during post-conviction relief proceedings. Thus, at the post-conviction relief stage, the petitioner must assert his statutory right to counsel either by obtaining his own counsel or by submitting his petition for relief along with an affidavit of indigency.

Carter was aware that he could have the public defender represent him, as this was stated on his form petition for post-conviction relief. He acknowledged on this form that he did not want the services of the public defender and that he was not attaching an affidavit of indigency to his petition. He was aware of his statutory right to counsel and chose not to exercise it, and we see no error in the failure of the trial court to question Carter about his decision to proceed pro se.[2]

## II.

■ Carter next argues his sentence was unfair and entered without regard for the nature of the crime and his non-violent nature. He contends the court failed to cite specific aggravating factors and overlooked several mitigating factors.

---

1. We recognize the Fourth District of this court reached a contrary conclusion in *Roarks v. State* (1987), Ind.App., 517 N.E.2d 794, *trans. denied. Roarks* was decided prior to our supreme court's decision in *Baum, supra,* however.

2. Although not dispositive of the issue, we note that at the conclusion of the post-conviction relief hearing, the court asked Carter if he understood he could have an attorney appointed for him and if he waived that ability freely and voluntarily. Carter responded affirmatively to both questions.

■ A trial court has wide discretion in determining whether imprisonment for multiple offenses should be served consecutively; however, if the trial court imposes consecutive sentences it must include a statement of reasons for rendering this sentence. *Pearson v. State* (1989), Ind. App., 543 N.E.2d 1141. The sentencing court need only list one aggravating factor to support an enhanced sentence, and a sentence can be enhanced based solely upon the aggravating circumstance of a prior criminal history. *Duvall v. State* (1989), Ind., 540 N.E.2d 34.

Contrary to Carter's assertion, the trial court listed several aggravating factors in support of the sentence. The court cited his prior record, which included three felonies, the fact that prior rehabilitation efforts had failed, that this crime occurred within approximately sixty days after he was released from jail on his most recent conviction, and that Carter's explanation for the commission of the crime was not credible. These are sufficient factors to aggravate a sentence.

■ The court also found there were no mitigating factors. The finding of mitigating circumstances is not mandatory and rests within the discretion of the sentencing court. *Gilley v. State* (1989), Ind., 535 N.E.2d 130. A sentencing judge is not obligated to explain why he has not chosen to find mitigating circumstances. *Graham v. State* (1989), Ind., 535 N.E.2d 1152. Carter argues the following should have been cited as mitigating factors: he cooperated with authorities after his arrest, he has children to support, he was willing to make restitution to the bank in full, he served in the armed forces, he was not the principal actor in the crime, and his co-defendant received only a five year sentence following her trial. We see no abuse of discretion in the trial court's failure to articulate any of these factors as mitigating circumstances.[3] The trial court determines the weight to be given to aggravating and mitigating circumstances. *Richardson v. State* (1983), Ind., 447 N.E.2d 574. The court found several appropriate aggravating circumstances, no mitigating circumstances, and accordingly enhanced the sentence. Carter has not persuaded us to reach a conclusion opposite that reached by the post-conviction court regarding his sentence.

■ Carter then maintains his sentence is manifestly unreasonable in light of the circumstances. This court may revise a sentence authorized by statute, but will exercise that authority only if the sentence is manifestly unreasonable. Ind. Appellate Rule 17(B)(1). A sentence will be found manifestly unreasonable only if no reasonable person could consider the sentence appropriate given the particular offense and the particular offender. App.R. 17(B)(2); *Hampton v. State* (1990), Ind., 553 N.E.2d 132. We cannot say the post-conviction court erred in concluding a sentence of 24 years was not manifestly unreasonable in light of Carter's prior record and short length of time out of prison before he committed another offense.

### III.

■ Carter argues the post-conviction court erred because it did not enter specific findings of fact and conclusions of law. Ind. Post–Conviction Rule 1, § 6 imposes a mandatory duty upon the court to enter specific findings and conclusion on each issue presented. The court in this case simply said: "The Court finds no statutory or constitutional basis for granting the defendant's Motion for Modification of Sentence or Petition for Post–Conviction Relief." *Record* at 207. The court did not make specific findings and conclusions.

■ When the issues are sufficiently presented for review and addressed by the parties, the court's failure to enter specific findings and conclusions is not reversible error. *Shelburne v. State* (1989), Ind.App., 540 N.E.2d 146, *trans. denied.* We were able to evaluate the issues raised by Carter, and found no error. Because the

---

**3.** The record indicates he cooperated with the authorities to avoid the filing of a habitual criminal charge, his parents were willing to make restitution to the bank, and the identity of the principal actor in the crime was a contested issue.

claims raised by Carter do not entitle him to relief, he has not been harmed by the court's failure to enter specific findings and conclusions, *Morlan v. State* (1986), Ind., 499 N.E.2d 1084, and we will not reverse the judgment of the post-conviction court on this basis.

Judgment affirmed.

ROBERTSON and STATON, JJ., concur.