Columbus D. RATLIFF, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

Steven L. HEAVRIN, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 10A01–9202–PC–51.

Court of Appeals of Indiana,
First District.

July 20, 1992.

Rehearing Denied Sept. 1, 1992.

Transfer Denied Oct. 15, 1992.

Larry O. Wilder, Daniel Marra, Jeffersonville, for appellant-petitioner.

Linley E. Pearson, Attorney Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

BAKER, Judge.

In this joint appeal, defendant-appellants Columbus D. Ratliff and Steven L. Heavrin appeal the denial of their petitions for post-conviction relief in which they sought relief from their convictions of operating while intoxicated. They raise two issues for our review:

I. Whether the guilty plea court erred when it ordered them to make contributions to a charity of their choice as they agreed to do in their plea agreements.

II. Whether the guilty plea court erred when it denied their petitions for post-conviction relief without hearings when there were no genuine issues of material fact.

FACTS

The facts in these cases are not in dispute.

*Ratliff*

On April 16, 1986, Ratliff signed a plea agreement, with counsel present, in which he agreed to plead guilty to Class A misdemeanor operating while intoxicated,[1] and the State agreed to dismiss the charges of driving while privileges suspended, a Class A misdemeanor,[2] and leaving the scene of an accident, a Class B misdemeanor.[3] The

1. IND.CODE 9–30–5–2.

2. IND.CODE 9–1–4–52 (repealed); now IND. CODE 9–24–18–5.

3. IND.CODE 9–4–1–43 (repealed); now IND. CODE 9–26–1–3, IND.CODE 9–26–1–8.

State also agreed to recommend a one year sentence, with either all but five days suspended or eighty hours of community service, a one year term of probation, and a 120–day license suspension. In addition, Ratliff agreed to pay restitution to the victims and to donate $50 to a charity of his choice.

On October 15, 1986, the guilty plea court conducted a hearing and accepted the plea agreement. At the guilty plea hearing, the trial judge acknowledged that Ratliff elected to make his $50 donation to the WHAS Crusade for Children.

### Heavrin

On April 16, 1986, Heavrin entered a plea agreement, with counsel present, in which he agreed to plead guilty to Class A misdemeanor operating while intoxicated, and the State agreed to dismiss the charge of operating a vehicle with at least a .10% blood alcohol content.[4] The State also agreed to recommend a one year suspended sentence, a one year term of probation, a 30–day license suspension, and a 180–day restricted license. In lieu of paying a fine to the State, Heavrin agreed to donate $75 to a charity of his choice.

At the guilty plea hearing conducted on May 7, 1986, the court accepted the plea agreement and Heavrin indicated he would make his donation to the Kosair Charities.

### DISCUSSION AND DECISION

### I

### Charitable Contributions

■ Ratliff and Heavrin first argue the guilty plea court erred when it ordered them to make contributions to a charity of their choice as they agreed to do in their plea agreements.

When a trial court accepts a plea agreement, the terms of the agreement are binding upon the court provided the court has the power to order them, and the agreement was not obtained through fraud. IND.CODE 35–35–3–3(e); *Reffett v. State* (1991), Ind., 571 N.E.2d 1227, 1229–30. In

this case, Ratliff and Heavrin contend the guilty plea court did not have the power to order them to make charitable contributions because the legislature has not specifically authorized this penalty.

We agree there is no statutory provision that specifically authorizes a sentencing court to order a criminal defendant to make a charitable contribution in lieu of paying a fine. Nonetheless, this court has affirmed previously the permissibility of charitable contribution options in some cases. *See Campbell v. State* (1990), Ind.App., 551 N.E.2d 1164. In *Campbell*, the defendant stole $257,908.52 from his employer, Indiana University, and eventually agreed to plead guilty to three counts of theft and two counts of forgery. In addition to requiring full restitution, the court gave Campbell the choice of making a $40,000 contribution to Indiana University–Kokomo Foundation or paying a $50,000 fine. Campbell chose the contribution, and the court suspended his fine. Because suspending the fine was discretionary, we held it was proper to condition the suspension on any reasonable conditions the court deemed appropriate. *Id.* at 1169.

Charitable contribution options are not always proper, however. In an Advisory Opinion of the Indiana Commission on Judicial Qualifications (December 16, 1986), the Commission expressed its disapproval of a plea agreement that required the defendant to contribute to a county "victim fund" in lieu of paying a fine. The commission likened the practical effect of this sentencing practice to a "pay-off" in order to receive decisional favor.

Furthermore, courts have also struck down charitable contribution options when they conflicted with penalties imposed by statute. In cases arising under the Sherman Antitrust Act, for example, federal circuit courts have rejected sentences when fines mandated by the Act were suspended on the condition that a charitable contribution was made. *See United States v. John A. Beck Co.* (6th Cir.1985), 770 F.2d 83 (Sherman Antitrust Act does not provide

---

4. IND.CODE 9–11–2–1 (repealed); now IND. CODE 9–30–5–1.

for paying fine to third parties); *United States v. Wright Contracting Co.* (4th Cir. 1984), 728 F.2d 648 (requiring defendant to contribute $175,000 to a city sponsored jobs-program in exchange for suspending all but $50,000 of $400,000 fine is not a permissible sentence under Sherman Antitrust Act); *United States v. Missouri Valley Constr. Co.* (8th Cir.1984), 741 F.2d 1542 (district court improperly suspended all but $325,000 of $2,000,000 fine, and made payment of $1,475,000 to University of Nebraska Foundation a condition of probation).

■ The facts in the present case are distinguishable from the facts above. First, Ratliff and Heavrin chose the term in their plea agreements they now challenge. Both reached agreements with the State in which they agreed to make donations to a charity of their choice, and both asked the court to accept their agreements. Even if the terms were improper, which we do not find them to be, we will not now hear Ratliff and Heavrin complain about the error they invited. *See Saucerman v. State* (1990), Ind.App., 555 N.E.2d 1351, 1354 (because defendant invited court's use of reinstatement procedure by voluntarily agreeing to reinstatement in plea agreement, he was not permitted to complain on appeal that procedure was erroneous).

Second, both Ratliff and Heavrin chose the recipient of his donation. There is no danger of it appearing the court accepted a "pay-off" to benefit a chosen entity. The concerns expressed by the Indiana Commission on Judicial Qualifications are therefore not present.

Third, there is no Indiana statute that prohibits the charitable contribution options accepted by the guilty plea courts in this case. Both Ratliff and Heavrin were sentenced for Class A misdemeanors, and imposing fines for Class A misdemeanors is discretionary. IND.CODE 35–50–3–2. As this court held in *Campbell, supra,* a sen-tencing court may properly suspend a discretionary fine based on any reasonable condition the court finds appropriate. Here, Ratliff and Heavrin agreed in their plea agreements that in lieu of paying fines, they would make charitable donations in the amount of $50 and $75, respectively. Requiring a donation to a charity of their choice in lieu of a fine was a reasonable and proper condition. There was no error.

## II

### *Petitions for Post–Conviction Relief*

#### A. Summary Denial

Ratliff and Heavrin also argue the post-conviction court erred when it summarily denied their petitions for post-conviction relief without hearings and without making specific findings and conclusions. We disagree.

Ind. Post–Conviction Rule 1(4)(f) provides: "If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." Ind. Post–Conviction Rule 1(4)(g) also provides for summary disposal of petitions when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Under these rules, a hearing on a petition for post-conviction relief is required only when an issue of material fact is presented. *Pharris v. State* (1985), Ind., 485 N.E.2d 79, 81. "Where the allegations of the petition conclusively demonstrate the petitioner is entitled to no relief, a hearing on the matter is unnecessary." *Id.* (citing *Colvin v. State* (1982), Ind., 441 N.E.2d 1353). In this case, it is clear from the records there were no genuine issues of material fact, and the State was entitled to judgment as a matter of law.[5] The post-conviction court properly denied Ratliff's and Heavrin's petitions without hearings.

---

5. In their petitions for post-conviction relief, both defendants also argued the criminal docket records failed to show they were advised of their rights before the court accepted their guilty pleas. *See Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Al-though neither defendant raises this argument on appeal, and thus each waives it forever, we note the transcripts from both guilty plea hearings affirmatively show each was sufficiently informed of his *Boykin* rights before the court accepted his guilty plea.

### B. Lack of Specific Findings

 Ratliff and Heavrin also allege the post-conviction court erroneously failed to issue specific findings and conclusions. Ind. Post–Conviction Rule 1(6) provides, in relevant part: "The court shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held." The purpose of this rule is to effectuate a meaningful review. *Carter v. State* (1990), Ind.App., 560 N.E.2d 687, 690, *trans. denied.*

We agree the court did not make specific findings and conclusions in this case. When the issues are sufficiently presented for review and addressed by the parties, however, the court's failure to enter specific findings and conclusions is not reversible error. *Id.* Here, the only substantive issue Ratliff and Heavrin raised was the permissibility of the charitable contribution options in their sentences. Because this issue was easily identifiable and reviewable, the court's failure to make specific findings and conclusions was harmless.

Judgment affirmed.

ROBERTSON, J., concurs.

RATLIFF, C.J., concurs with separate opinion.

RATLIFF, Chief Judge, concurring.

I concur in the majority opinion solely because the appellants having proposed the charitable contribution alternative in their plea agreement cannot now claim error which they invited.

But for the invited error rule, I would not concur, because I see a great potential for mischief in permitting a criminal defendant in effect to buy his way out of trouble by making a charitable contribution. In that respect, I fully concur in Judge Sullivan's dissenting opinion in *Campbell v. State* (1990), Ind.App., 551 N.E.2d 1164, 1170–72. Therefore, I believe plea agreements proposing a charitable contribution in lieu of penalty should not be accepted.

For the reasons stated herein, but with serious misgivings, I concur.